**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01158-REB-KMT

EDGAR NIEBLA MARTINEZ,

    Plaintiff-petitioner,

v.

JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services,
ROBERT M. COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services,
JOHN MORTON, Director, Immigration and Customs Enforcement, and
JOHN LONGSHORE, Field Office Director, Immigration and Customs Enforcement, Denver Field Office,

    Defendants-respondents.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

    This matter is before me on the **Defendants' Partial Motion To Dismiss Pursuant To fed. r. civ. p. 12(b)(1)** [#17][1] filed July 26, 2011. The plaintiff-petitioner filed a response [#22], and the defendants-respondents filed a reply [#26]. I grant the motion.

### I. JURISDICTION

    I have putative jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

    The defendants-respondents seek partial dismissal for lack of jurisdiction under

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

12(b)(1). Federal courts are courts of limited jurisdiction and thus may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine. *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994), **cert. denied**, 514 U.S. 1109 (1995); *Fritz v. Colorado*, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002). A motion to dismiss under Rule 12(b)(1) may consist of either a facial or a factual attack on the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Addressing a facial attack, I must accept the allegations of the complaint as true. *Id*. The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994); *Fritz*, 223 F.Supp.2d at 1199. "'[The] motion must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction.'" *Fritz*, 223 F.Supp.2d at 1199 (quoting *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)).

In contrast, when a party goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint. *Sizova v. National Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Holt*, 46 F.3d at 1003. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt*, 46 F.3d at 1003. The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case," that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case." *Sizova*, 282 F.3d at 1324 (quoting *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.),

*cert. denied*, 108 S.Ct. 503 (1987); internal quotation marks omitted); *see also Holt*, 46 F.3d at 1003.  Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

In this case, the defendants present a facial attack.  The plaintiff includes exhibits with his response [#22].  However, the allegations in the complaint are consistent with the additional facts cited by the plaintiff, and the defendant does not dispute the facts evidenced in the plaintiff's exhibits. I treat the defendants' motion as a facial attack.

### III.  FACTS

In his **Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus** [#1] filed April 29, 2011 (Complaint), the plaintiff-petitioner, Edgar Nielba Martinez, challenges the propriety of the denial of two applications he made for benefits under the Family Unity Program.[2]

The first application was filed on September 9, 2002.  ¶ 24.  The application form requested information about the relative through whom Mr. Niebla Martinez sought benefits.  Mr. Niebla Martinez designated his father, who was an applicant for adjustment of status under the LIFE Act.  Mr. Niebla Martinez's mother was also an applicant for adjustment of status under the LIFE Act, and Mr. Niebla Martinez's could have sought benefits based on her application.  However, the form only allowed for the selection of one qualifying parent.  ¶ 24.

On February 26, 2003, the former Immigration and Naturalization Service (Service) denied the plaintiff's application.  The denial stated:

---

[2] I refer to the Complaint by paragraph number, e.g. ¶ 1.

> Service records and the supporting documentation submitted with your application of Family Unity Benefits (I-817) fail to establish that the Legalized Alien has filed an Application to Register permanent Resident or Adjust Status (I-485) under the LIFE Act.

¶ 25. At the time of the denial, the Service had denied the application of Mr. Niebla Martinez's father, but his mother's application remained pending. On March 29, 2004, his mother's application was approved, and she was granted the status of lawful permanent resident.

The second application was filed on January 28, 2005. Mr. Niebla Martinez relied on his mother's approval under the LIFE Act, granted previously. On May 3, 2005, the Service denied Mr. Niebla Martinez's second application because he was over 21 and, therefore, not eligible for the benefits he sought. Mr. Niebla Martinez turned 21 on February 10, 2004.

In his Complaint, Mr. Niebla Martinez seeks review of both the February 26, 2003, decision, and the May 3, 2005, decision. Mr. Niebla Martinez concedes that he "chose the 'wrong' parent on his 2003 application and he was not eligible for Family Unity benefits based on the denial of his father's application. ¶ 36. However, he alleges that the Service failed in its obligation to provide him with specific reasons for the denial so he could identify the filing error and "provide Plaintiff with a guide for providing the relevant information about his mother's application." ¶ 36. The plaintiff alleges also that the second application was denied improperly. However, the defendants do not seek dismissal of Mr. Niebla Martinez's challenge to the denial of the second application.

The denial of the second application prompted the Service to initiate removal proceedings against Mr. Niebla Martinez. ¶ 30. Mr. Niebla Martinez pursued challenges to these proceedings, but, ultimately, a final order of removal was issued.

Mr. Niebla Martinez seeks an injunction prohibiting the defendants from enforcing the order of removal while this case is pending and during any subsequent re-adjudication of his case by the defendants. *Complaint*, p. 15.

A stay of removal was granted and was set to expire on April 28, 2011. ¶ 33. The Complaint was filed on April 29, 2011. The plaintiff has been granted an additional stay of removal through April 28, 2012. *Motion*, p. 4.

## IV. STATUTE OF LIMITATIONS

The defendants contend that Mr. Niebla Martinez's challenge to the first application must be dismissed because that challenge is barred by the applicable statute of limitations. Mr. Niebla Martinez's challenge is brought under the Administrative Procedures Act (APA). A suit challenging a final agency action must be brought within six years after the right of action first accrues. 28 U.S.C. § 2401(a). The denial of Mr. Niebla Martinez's first application was a final agency action and his APA claim challenging that action accrued on February 26, 2003. This case was filed on April 29, 2011, more than six years after the final agency action.

Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under § 2401. Therefore, a district court lacks subject matter jurisdiction if a plaintiff fails to satisfy the timing requirements of the statute. ***In re Franklin Savings Corp***, 385 F.3d 1279 1287 (10th Cir. 2004) (applying § 2401(b)).

Mr. Niebla Martinez argues that equitable tolling should be applied to this claim and, with equitable tolling, his challenge to the February 26, 2003, decision is timely. Equitable tolling can be applied under § 2401(a). ***See, e.g., Hart. v. Dept. of Labor***, 116 F.3d 1338, 1339 (10th Cir. 1997) (addressing § 2401(b)). Federal courts apply

equitable tolling sparingly. ***U.S. v. Clymore***, 245 F.3d 1195, 1199 (10th Cir. 2001). Equitable tolling may be proper when the plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." ***Id***. (internal quotation and citation omitted).

> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."

***Id***. (***quoting Biester v. Midwest Health Servs., Inc***, 77 F.3d 1264, 1267 (10th Cir. 1996). In addition, equitable tolling may be appropriate when the plaintiff demonstrates "extraordinary circumstances" that made it "impossible" for the plaintiff to file a timely l lawsuit. ***Id.***

Mr. Niebla Martinez asserts three bases for equitable tolling: (1) the defendants erroneously read an "age out" provision into the Family Unity procedures; (2) the defendants violated their regulations when the February 26, 2003, denial was not sufficiently specific; and (3) A notario retained by Mr. Niebla Martinez's family gave him erroneous advice after the February 26, 2003, denial. Whether considered separately or together, I conclude that these circumstances do not merit the application of equitable tolling.

First, the age out argument concerns what Mr. Niebla Martinez says is the promulgation of an improper regulation that provided that Family Unity benefits are not available to a person who is over 21. Mr. Niebla Martinez asserts that such benefits are, in some cases, available to persons over 21. For the sake of this analysis, I assume without deciding that Mr. Niebla Martinez is correct. Mr. Niebla Martinez

6

argues that the regulation actively misled him into not pursuing an earlier challenge to the February 26, 2003, decision. *Response*, p. 6.

Second, Mr. Niebla Martinez argues that the February 26, 2003, denial was not sufficiently specific and that this left Mr. Niebla Martinez with the "reasonable, yet erroneous, understanding that he needed to wait until his mother's application was actually *approved* before re-filing." *Response*, p. 7.  According to Mr. Niebla Martinez, had the denial specified that it referred only to Mr. Niebla Martinez's father, Mr. Niebla Martinez would have been on notice of the precise deficiency in his application, and he "potentially" could have brought suit to challenge the agency's failure to consider his mother's pending application as part of his application.  *Id.*

Third, Mr. Niebla Martinez says he was confused further by the erroneous advice his advisor gave to him after the February 26, 2003, denial.  The advisor said the denial was correct and Mr. Niebla Martinez had to wait until his mother's application was approved before taking further action.

The Service denied Mr. Niebla Martinez Family Unity benefits, based on the age-out issue, on May 3, 2005.  That decision is at issue in this case. Any unfair delay or confusion caused by the regulation, an insufficiently specific decision by the Service, or the bad advice ended when the May 3, 2005, decision was issued.  On May 3, 2005, Mr. Niebla Martinez had an explicit decision from the Service on the key issue.  At that point, his only option was to challenge that decision and the earlier decision by filing suit.  At that point, it was not too late to challenge the February 26, 2003, decision.  At that point, Mr. Niebla Martinez was obligated to take timely action if he wished to do so.  Rather than act, he waited until April 29, 2011, to file this suit challenging the February

7

26, 2003, decision. There is no explanation for Mr. Niebla Martinez's decision to sit on his rights concerning the February 26, 2003, decision from May 3, 2005, to April 29, 2011. With this long, unexplained inaction, equitable tolling does not apply.

Mr. Niebla Martinez's challenge to the February 26, 2003, decision was filed long after the six year statute of limitations had expired. Equitable tolling is not applicable. This claim must be dismissed because it is time barred and for lack of jurisdiction.

## V. JURISDICTION - INJUNCTIVE RELIEF

Mr. Niebla Martinez seeks an injunction against the defendants prohibiting them from executing the order of removal against him during the pendency of this case and any subsequent re-adjudication of his Family Unity applications. The defendants argue that this court lacks jurisdiction to hear this claim.

> Except as provided in this section . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). See also § 1252 (b)(9). This statute deprives the court of jurisdiction over claims that arise from one of three decisions or actions by the Attorney General. Those are (1) to commence removal proceedings; (2) to adjudicate removal proceedings; or (3) to execute removal orders. ***Reno v. American-Arab Anti-Discrimination Comm.***, 525 U.S. 471, 482 (1999).

Mr. Niebla Martinez argues that this jurisdictional limitation does not apply to this case because he "is asserting the existence of a legal impediment to the Defendants' ability to execute an administratively final and otherwise legally valid, removal order." *Response*, p. 9. According to Mr. Niebla Martinez, if the defendants had adjudicated his

application for Family Unity benefits under the correct legal standards, then execution of the order of removal would be stayed as a matter of law. *Response*, p. 9. At this point, this contention applies only to the application for Family Unity benefits that was denied on May 3, 2005.

8 C.F.R. § 245a.34 concerns the enforcement of orders of removal against applicants for Family Unity benefits and those who have been granted such benefits. Section 245a.34(a) provides that an application for Family Unity benefits does not limit the authority of the Service to commence removal proceedings against the applicant or limit the authority of the Service to enforce an order of removal, except for orders of removal entered on four grounds specified in that subsection. The regulation provides "(p)rotection from removal" based on orders of removal entered based on the four specified grounds. Mr. Niebla Martinez's order of removal appears to fall under these grounds. If Mr. Niebla Martinez is an applicant for Family Unity benefits, then execution of the order of removal against him is stayed under 8 C.F.R. § 245a.34(a). Mr. Niebla Martinez filed a timely appeal of the May 3, 2005, denial of his application for Family Unity benefits. On that basis, I conclude that he should be treated as an applicant for such benefits.

Addressing the jurisdictional issue, the defendants argue that the Complaint indicates that Mr. Niebla Martinez failed to exhaust his administrative remedies concerning that denial and, therefore, his claim in this case should not be seen as impairing enforcement of the order of removal. The defendants read Mr. Niebla Martinez's application for Family Unity benefits as a "denial of adjustment of status." *Motion*, p. 5. Both the plaintiff and the defendants agree that further administrative

remedies are available after the denial of adjustment of status.  In contrast, under 8 C.F.R. § 245a.33(b), a denial of Family Unity benefits "may not be appealed."  Rather, Mr. Niebla Martinez contends, he has no administrative forum in which to challenge the denial of Family Unity benefits and, therefore, he must bring a challenge to the denial in a United States District Court under the APA.  Although the record on this issue is not fully complete, for the purpose of the present motion to dismiss, I conclude that Mr. Niebla Martinez has exhausted his administrative remedies concerning the May 3, 2005, denial of Family Unity benefits.

Under § 1252(a)(5), "the sole and exclusive means for judicial review of an order of removal" is a petition for review filed with the appropriate court of appeals.   Mr. Niebla Martinez contends he is not challenging the order of removal because he has no basis to challenge that order.  Therefore, he argues, § 1252(a)(5) does not apply here.  Rather, Mr. Niebla Martinez says he is challenging here the denial of Family Unity benefits.  He asserts that this court has jurisdiction over that issue under the APA and related law.  With a pending challenge to the denial of Family Unity benefits, he contends, 8 C.F.R. § 245a.34 prohibits the defendants from enforcing the valid order of removal.

With that background, the question is whether this court has jurisdiction over Mr. Niebla Martinez's effort to obtain an injunction barring execution of the order of removal pending against him because 8 C.F.R. § 245a.34 prohibits the defendants from enforcing the valid order of removal. I conclude that this court does not have jurisdiction over this claim for injunctive relief.  To rehearse, § 1252(g) deprives the court of jurisdiction over claims that arise from a decision the Attorney General to execute

removal orders. ***Reno v. American-Arab Anti-Discrimination Comm.***, 525 U.S. 471, 482 (1999). Mr. Niebla Martinez's claim for injunctive relief arises from precisely such a decision by the Attorney General, a decision to execute the order of removal against Mr. Niebla Martinez. Section 1252(b) begins with the qualifying phrase "(e)xcept as provided in this section," but the court is not aware of an applicable exception. Thus, under the plain language of § 1252(g) as interpreted in ***Reno***, I conclude that this court does not have jurisdiction over Mr. Niebla Martinez's claim for injunctive relief.

The defendants note in their motion that the only claim asserted against defendant, John Morton, Director of Immigration and Customs Enforcement, and John Longshore, Field Office Director for the Immigration and Customs Enforcement Denver Office, is Mr. Niebla Martinez's claim for injunctive relief. If the claim for injunctive relief is dismissed, the defendants argue, then these two defendants should be dismissed from this action. The plaintiff did not respond to this assertion. I agree with the defendants.

## VI.  CONCLUSION & ORDERS

Mr. Niebla Martinez's challenge to the February 26, 2003, is time barred, and, as a result, this court lacks jurisdiction over that claim. Under 8 U.S.C. § 1252(g), this court does not have jurisdiction over Mr. Niebla Martinez's claim for injunctive relief enjoining the enforcement of the removal order pending against him. Both of these claims must be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 12(b)(1), the **Defendants' partial Motion To Dismiss Pursuant To fed. R. Civ. P. 12(b)(1)** [#17] filed July 26, 2011, is **GRANTED**;

2. That the plaintiff-petitioner's claim challenging the February 26, 2003, decision of the Immigration and Naturalization Service to deny Family Unity benefits to the plaintiff-petitioner is **DISMISSED** for lack of jurisdiction and because it is barred by the applicable statute of limitations;

3. That the plaintiff-petitioner's claim seeking an injunction enjoining the enforcement of an order of removal is **DISMISSED** for lack of jurisdiction; and

4. That defendant-respondents John Morton, Director of Immigration and Customs Enforcement, and John Longshore, Field Office Director for the Immigration and Customs Enforcement Denver Office, are **DROPPED** from this action and the caption shall be **AMENDED** accordingly.

Dated March 28, 2012, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge