**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01158-REB-KMT

EDGAR NIEBLA MARTINEZ,

     Plaintiff-petitioner,

v.

JANET NAPOLITANO, Secretary, U.S. Department of Homeland Security,
ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services,
ROBERT M. COWAN, Director, National Benefits Center, U.S. Citizenship and
Immigration Services,

     Defendants-respondents.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the following: (1) the **Plaintiff's Motion for Summary Judgment** [#35][1] filed August 10, 2012; (2) the **Defendants' Motion To Dismiss Based on Mootness, Cross-Motion for Summary judgment Pursuant To FED. R. CIV. P. 56(a), and Opposition To Plaintiff's Motion for Summary Judgment** [#40] filed October 10, 2012; and (3) the parties' **Joint Motion for Determination** [#48] filed January 14, 2013.  The first two motions generated responses and replies [#44 & #47].  I grant the motion to dismiss.  I deny the motions for summary judgment as moot and grant the motion for determination.[2]

---

[1] "[#35]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the cross motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geeear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## I.  JURISDICTION

I have putative jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

The defendants seek dismissal of this case because the claim of the plaintiff is moot.  When a claim becomes moot, the court lacks subject matter jurisdiction over the claim.  **Mink v. Suthers**, 482 F.3d 1244, 1257 (10th Cir. 2007).  Thus, the defendants seek dismissal under FED. R. CIV. P. 12(b)(1).

Federal courts are courts of limited jurisdiction and thus may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine.  **Morris v. City of Hobart**, 39 F.3d 1105, 1110 (10th Cir. 1994), **cert. denied**, 514 U.S. 1109 (1995); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).  A motion to dismiss under Rule 12(b)(1) may consist of either a facial or a factual attack on the complaint.  **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995).  Addressing a facial attack, I must accept the allegations of the complaint as true.  *Id*.  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz**, 223 F.Supp.2d at 1199.  "'[The] motion must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction.'"  **Fritz**, 223 F.Supp.2d at 1199 (quoting **Groundhog v. Keeler**, 442 F.2d 674, 677 (10th Cir. 1971)).

In contrast, when a party goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint.  **Sizova v. National Institute of Standards & Technology**, 282 F.3d 1320, 1324 (10th Cir. 2002); **Holt**, 46 F.3d at 1003.

2

"A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." **Holt**, 46 F.3d at 1003.  The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case," that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case." **Sizova**, 282 F.3d at 1324 (quoting **Wheeler v. Hurdman**, 825 F.2d 257, 259 (10th Cir.), **cert. denied**, 108 S.Ct. 503 (1987); internal quotation marks omitted); **see also Holt**, 46 F.3d at 1003.  Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." **Pringle v. United States**, 208 F.3d 1220, 1223 (10th Cir. 2000).

In this case, the defendants present a factual attack.  The defendants assert that the plaintiff has been granted relief that is equivalent to, and in some ways superior to, the relief he seeks in this case.  The relief granted to the plaintiff was not based on the statutes and regulation at issue in this case.  Facts concerning the relief that now has been granted to the plaintiff are not alleged in the complaint.  In his briefing, the plaintiff does not dispute that he has been granted relief by the defendants, nor does he dispute the basis of that relief.  However, the plaintiff argues that this case is not mooted by the relief he has been granted.

### III.  BACKGROUND

The plaintiff, Edgar Nielba Martinez, challenges the propriety of the denial an application he made for benefits under the Family Unity Program.  He claims that the regulation under which he applied for benefits, 8 C.F.R. § 245a.31, was promulgated improperly.  Mr. Niebla Martinez sought relief under the provisions of Section 1504 of

3

the LIFE Act Amendments, Pub. L. No. 106-554, 114 Stat. 2763 (2001) (LIFE Act Amendments). The regulation he challenges was promulgated under the LIFE Act Amendments. Two of the key benefits Mr. Niebla Martinez would obtain if he was granted relief under the LIFE Act Amendments would be protection from removal and an automatic authorization to work in this country.

On April 17, 2012, Mr. Niebla Martinez was approved for Family Unity benefits under a different statutory provision, the Immigration Act of 1990, Pub. L. N. 101-649, 104 Stat. 4978 (1990) (IMMACT 90). Two of the key benefits Mr. Niebla Martinez obtained when he was granted relief under IMMACT 90 are protection from removal and an automatic authorization to work in this country.

### IV. ANALYSIS

> "Under Article III of the Constitution, federal courts may only adjudicate live controversies." **Fischbach v. N.M. Activities Assoc.**, 38 F.3d 1159, 1160 (10th Cir.1994). The controversy "must exist at all stages of appellate or certiorari review, and not simply at the date the action is initiated." **Id**. (internal quotation marks and brackets omitted). Thus, "when intervening acts destroy a party's legally cognizable interest in the outcome of adjudication[,] ... Article III ... deprive[s] the federal courts of jurisdiction over that party's claim." **Tandy v. City of Wichita**, 380 F.3d 1277, 1290 (10th Cir.2004).

**Moongate Water Co., Inc. v. Dona Ana Mut. Domestic Water Consumers Ass'n**, 420 F.3d 1082, 1088 (10th Cir. 2005). The Tenth Circuit has recognized "two kinds of mootness: constitutional mootness and prudential mootness." **Rio Grande Silvery Minnow**, 601 F.3d at 1121. The inquiry under both Article III and prudential mootness doctrines, however, is: "have circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief?" **S. Utah Wilderness Alliance v. Smith**, 110 F.3d 724, 727 (10th Cir. 1997).

According to the defendants, this case is moot because Mr. Mr. Niebla Martinez

has been granted relief that is equivalent to or superior to the relief he sought under the LIFE Act Amendments.  Family Unity benefits under IMMACT 90 and under the LIFE Act Amendments both protect a beneficiary from removal and both provide automatic work authorization.  Under IMMACT 90, an individual can reapply for benefits indefinitely.  Re-application is not permitted under the LIFE Act Amendments. The circumstances under which Family Unity benefits can be terminated are the same under both the LIFE Act Amendments and under IMMACT 90.  8 C.F.R. § 136.18.

      Mr. Niebla Martinez does not dispute that the relief granted to him under IMMACT 90 is essentially identical to, and in some ways superior to, the relief he sought under the LIFE ACT Amendments in the details described above.  However, he argues that the issues he raises in this case still present a live controversy because of the issues raised by a previous order of removal entered against him.  Although he now is protected from removal based on the IMMACT 90 relief provided to him, Mr. Niebla Martinez contends that he currently cannot travel outside of the United States without triggering his own removal, because there still is a pending order of removal against him.  He cites 8 C.F.R. § 1241.7.  The language of that regulation is equally applicable to a person who has IMMACT 90 Family Unity relief.

      Mr. Niebla Martinez  cites also impediments to his ability to reopen his removal proceedings.  Mr. Niebla Martinez argues that if this court rules on the merits of the issues raised by Mr. Niebla Martinez in this case, that may constitute an exceptional circumstance which may convince the Board of Immigration Appeals to re-open Mr. Niebla Martinez's removal proceeding. *Opposition* [#44], pp. 2 - 3, n. 1.  Similarly, I note, the grant of relief to Mr. Mr. Niebla Martinez under IMMACT 90 also can be portrayed credibly as an exceptional circumstance.  On this basis, I conclude that the differences

cited by Mr. Niebla Martinez do not demonstrate that there remains in this case any occasion for the court to provide meaningful relief to Mr. Niebla Martinez beyond that which already has been granted to him under IMMACT 90.  Therefore, I find that this case is moot.

## V.  CONCLUSION & ORDERS

The circumstances of the plaintiff, Mr. Niebla Martinez, have changed such that there no longer is any basis for this court to provide meaningful relief to Mr. Niebla Martinez on the claim he asserts in this case.   His remaining claim in this case is moot, and this court lacks subject matter jurisdiction over this case.  Because Mr. Niebla Martinez's claim now is moot, the pending motions for summary judgment also are moot.

**THEREFORE, IT IS ORDERED** as follows:

1.  That under FED. R. CIV. P. 12(b)(1), the **Defendants' Motion To Dismiss Based on Mootness, Cross-Motion for Summary judgment Pursuant To FED. R. CIV. P. 56(a), and Opposition To Plaintiff's Motion for Summary Judgment** [#40] filed October 10, 2012, is **GRANTED** on the basis that the controversy presented in this case now is moot;

2.  That the motion for summary judgment contained in the **Defendants' Motion To Dismiss Based on Mootness, Cross-Motion for Summary judgment Pursuant To FED. R. CIV. P. 56(a), and Opposition To Plaintiff's Motion for Summary Judgment** [#40] filed October 10, 2012, is **DENIED** as moot;

3.  That the **Plaintiff's Motion for Summary Judgment** [#35] filed August 10, 2012, is **DENIED** as moot;

4.  That the parties' **Joint Motion for Determination** [#48] filed January 14,

6

2013, is **GRANTED** based on the determinations made in this order;

    5.  That  **JUDGMENT SHALL ENTER** in favor of the defendants, Janet Napolitano, Alejandro Mayorkas, and Robert M. Cowan, and against the plaintiff, Edgar Niebla Martinez;

    6.  That **JUDGMENT SHALL ENTER** in favor of former defendants John Morton and John Longshore on the bases cited in my **Order Granting Motion To Dismiss** [#27] filed March 28, 2012;

    7.  That the defendants are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated March 25, 2013, at Denver, Colorado.

                                    **BY THE COURT:**

                                    Robert E. Blackburn
                                    United States District Judge